IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

CHARLES BARR                                                                                              PLAINTIFF

VS.                                        CIVIL ACTION NO. 3:10cv626-FKB

BARBARA ALLEN and
TYSON FOODS                                                           DEFENDANTS

## OPINION AND ORDER

Charles Barr is a state inmate who was previously housed at the Greenwood Restitution Center, a secure facility operated by the Mississippi Department of Corrections. He alleges that while a resident of the restitution center, he was wrongfully terminated from a work assignment at Tyson Foods (Tyson) in Carthage, Mississippi. Presently before the Court is the motion of Tyson for summary judgment. Having considered the motion and Barr's response, the Court concludes that the motion should be granted. Furthermore, because Barr has failed to state a claim against Barbara Allen, an unserved defendant, the claims against her will be dismissed with prejudice.

The facts, viewed in the light most favorable to Plaintiff, are as follows. In August of 2008, Barr was residing at the Greenwood Restitution Center in an attempt to work off payment of a restitution fine. At that time, the restitution center had an arrangement with a local chicken processing plant owned by Tyson, by which restitution center residents could obtain employment at the plant. Because of security concerns and the need to monitor residents from the center, Tyson restricted these employees to a single section of the facility, the live hang department. While employees from the center might on occasion be called upon to work in other areas of the plant because of exigent circumstances, the

regular assignment of all employees housed at the restitution center was in the live hang department.

Barr began working at Tyson in the live hang department on August 11, 2008. On August 21, 2008, after he returned to the restitution center for the evening, Barr noticed a swelling in his groin area. He informed restitution center staff, who instructed him to fill out a sick-call request and to notify Tyson that he would not be at work the following day, a Friday. The next day he was seen by a physician, who diagnosed an inguinal hernia. The physician restricted him to light duty work. When Barr returned to work on the following Monday, he informed one of his supervisors of his condition. He did not, however, tell anyone that the injury was work-related.[1] The supervisor responded that Barr would have to be cleared through the medical department before he could return to work. Barr, accompanied by another supervisor, Ms. Ely, went to the medical department for clearance to work. Tyson's nurse verified that Barr's physician had diagnosed him with a hernia and had restricted him to light duty work until the hernia could be repaired surgically. Because work in the live hang department requires heavy lifting, Barr requested to be moved to another department. Ms. Ely informed him that as a restitution center resident, he was not eligible for employment in any other area of the plant and that he would be terminated if he could not work in the live hang department. When Barr left work that day he did not return to Tyson, and he was officially terminated for job abandonment on August 28, 2008.

Thereafter, Barr filed an EEOC charge alleging a violation of the Americans with

---

[1] Barr did not report the injury to Tyson as a work-related injury until one year later, in August of 2009. His workers' compensation claim was ultimately settled for $7500.

Disabilities Act (ADA).  The EEOC issued a dismissal and a right-to-sue letter on November 20, 2009.

Barr filed the present action on October 29, 2010, against Tyson Foods and Barbara Allen,[2] the commander in charge of the restitution center.   His claims, as set forth in his complaint and clarified at the *Spears* hearing, are that Tyson's termination of his employment violated his rights under the ADA, Title VII, and the due process clause.  He also contends that Tyson unlawfully discriminated against him and the other employees from the restitution center by restricting them to the live hang department.

Tyson argues in its motion that all of Plaintiff's claims fail as a matter of law.  The Court agrees.  Plaintiff has no due process claim for termination.  It is undisputed that he was an at-will employee and could be terminated for any reason.  Thus, he had no property interest in continued employment for which any process was due.  Barr's claim under the ADA is time-barred, as he failed to file his lawsuit within 90 days of receipt of his notice from the EEOC.  *See* 42 U.S.C. § 2000e-5(f)(1).  Additionally, Plaintiff has failed to establish that he was disabled within the meaning of the ADA: his condition, which he admits was temporary and has now resolved, has never substantially limited any of his life activities.  *See* 42 U.S. § 12102.   Plaintiff has failed to state any claim whatsoever for relief under Title VII: He makes no allegation that he was discriminated against because of "race, color, religion, sex or national origin."  *See* 42 U.S.C. § 2000e-2(a).  Additionally, any Title VII claim would be barred because he has never filed an EEOC charge for Title VII violations as required by 42 U.S.C. § 2000e-5.

Barr's claims under § 1983 against Tyson necessarily fail because he has not

---

[2] Defendant Allen has not been served with process.

shown that Tyson was acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).  Barr has attempted to avoid this result by alleging a conspiracy pursuant to 42 U.S.C. §§ 1985 and 1986 between Tyson and the restitution center.  Specifically, he argues that Tyson and the restitution center entered into an agreement to prevent inmates from working in any areas at Tyson other than in the live hang department.  However, Barr has failed to show that he had any right to employment in any department at Tyson or that Tyson's restriction of restitution center residents to one department violated any of Barr's constitutional or statutory rights.  Thus his claims under §§ 1983, 1985, and 1986 all fail as a matter of law.

For these reasons, Defendants' motion for summary judgment is granted.  Additionally, because Barr has failed to state a claim against Defendant Allen, the claims alleged against her will be dismissed with prejudice.  A separate judgment will be entered.

So ordered, this the 5th day of December, 2012.

/s/ F. Keith Ball

_____
UNITED STATES MAGISTRATE JUDGE